**Gregory E. GOODMAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 82S00-9110-CR-795.**

Supreme Court of Indiana.

March 23, 1992.

**508**

David M. Shaw, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

Gregory E. Goodman was convicted of murder, *Ind. Code* § 35–42–1–1(1). He received an enhanced sentence of 60 years. In this direct appeal, the only issue Goodman raises is whether the trial court erred in not allowing him additional argument following the State's rebuttal in final argument. We conclude that Goodman was not entitled to additional argument, and affirm the conviction.

Goodman and the victim were husband and wife. Early in 1991, Goodman learned of a relationship between his wife and an inmate at the Henderson County jail. While visiting his wife's home on January 10, 1991, he discovered several letters from the inmate to his wife. He returned to his wife's home on January 18 when he found more such letters. After some discussion, Goodman went into the kitchen, returned with a knife and stabbed his wife to death.

■ At trial, Goodman's defense centered upon the intent element of the murder charge. Goodman claimed that he had merely intended to hurt his wife, not kill her, and the jury was instructed on voluntary manslaughter and involuntary manslaughter as well as murder. In final argument, the State urged the jury to convict on the charge of murder and did not discuss the lesser included offenses. Goodman, in attempting to persuade the jury to convict on the lesser included offense of involuntary manslaughter, discussed the range of possible verdicts, including murder, voluntary manslaughter, and involun-

tary manslaughter. On rebuttal, the prosecutor discussed in detail the elements of voluntary manslaughter. This prompted Goodman to request additional time pursuant to *Ind. Code* § 35–37–2–2(4) to respond to the prosecutor's comments on this issue. That request was denied. Goodman argues that the court erred in denying him the additional time.

■ *Ind. Code* § 35–37–2–2(4) provides in part:

> [T]he prosecuting attorney shall disclose in the opening all the points relied on in the case, and if in the closing he refers to any new point or fact not disclosed in the opening, the defendant or his counsel may reply to that point or fact, and that reply shall close the argument of the case.

Where defense counsel opens the door to the State's rebuttal, there is no error in allowing the State to respond. *Trice v. State* (1988), Ind., 519 N.E.2d 535, 538; *Grassmyer v. State* (1981), Ind., 429 N.E.2d 248, 256. Similarly, when the State's rebuttal is invited by comments made by defense counsel during closing arguments, the defense has no right under the statute to respond to the rebuttal.

In his own closing argument, Goodman raised the issue of voluntary manslaughter. More than once, Goodman's counsel referred to voluntary manslaughter by commenting that the killing occurred because Goodman "lost control," that the killing happened "in the heat of passion," and that the element of sudden heat distinguished voluntary manslaughter from murder. Here, it was Goodman who injected the voluntary manslaughter issue into the case and, therefore, the prosecutor did not raise any new point or fact in responding to this defense argument.

Accordingly, the conviction is affirmed.

SHEPARD, C.J., DeBRULER, and GIVAN, JJ., concur.

DICKSON, J., dissents without separate opinion.